ROYAL PALM CEMETERY CO., *et al.,* v. M. A. SMITH, *as* the General Liquidator of Banks, *et al.*

157 So. 495.

Division A.

Opinion Filed November 14, 1934.

*Harris & Kennedy, Hardee & Martin* and *J. Uhle Bethel,* for Appellants;

*Erle B. Askew* and *Carey & Askew,* for Appellees.

PER CURIAM.—M. A. Smith, as General Liquidator and as Liquidator of Ninth Street Bank & Trust Company, of St. Petersburg, Florida, in his capacity as substituted trustee for Ninth Street Bank & Trust Company, original trustee, filed his amended bill of complaint setting up that on February 28, 1929, one of the defendants, R. H. Sumner, being indebted to a large number of creditors holding debts owned by him and aggregating some $200,000.00 or more, among them the Ninth Street Bank & Trust Company, had entered into a written contract under seal designating Ninth Street Bank & Trust Company, as trustee for all of the creditors, including the bank, and pleading as security for the debt of the bank and its associated creditors, by the terms of said contract, all of the shares of stock which Sumner held in Royal Palm Cemetery Company (which stock constituted practically all of the entire stock of said company), together with the dividends accruing therefrom, said stock to be held by the bank as trustee and attorney in fact, to be voted by it in that capacity, all dividends received to be immediately divided and disbursed *pro rata* among the creditors named by Sumner in said contract.

The bill alleges that Sumner delivered the shares of stock in question to his own attorney, to be by the latter delivered

to the Ninth Street Bank and Trust Company under the written contract of February 28, 1929, but that the attorney, one of the defendants named in the bill, in violation of his instructions, had retained the same and was contending to own the stock in his own right under some pretended assignment of same made subsequent to the February 28, 1929, trust agreement, and by virtue of his control of said stock, was operating the corporation for his own use and benefit and by means of his control of said corporation through a servile board of directors was dissipating the assets of the corporation so as to preclude the realization of dividends to be applied under the trust agreement of February 28, 1929.

The Chancellor below held that there was equity in the bill. Defendants have appealed from the interlocutory order overruling their motion to dismiss.

A bill in equity setting up an alleged trust relationship created with reference to the management and control of a corporation agreed to be exercised pursuant to a specific contract undertaking to create a management trust therein for the benefit of certain specified creditors of a dominant stockholder of the corporation, whose interest in such corporation consisted of his holding a majority of the controlling stock of same which such trust agreement had pledged to be exercised for the benefit of particularly named creditors of the stockholder, and which bill of complaint charges misconduct and mismanagement on the part of the defendants with reference to their dealings with the stock that is the subject matter of the management trust, and prays for an accounting, the enforcement of an equitable lien on the stock as created by the contract, and the marshalling of securities and the fixing of priority of liens, presents matters of equitable cognizance as to which a motion to dismiss the bill for want of equity, is properly overruled.

A management trust in corporate stock created and contracted to be exercised for the benefit of certain of the stockholder's creditors named in the contract, as collateral security for payment of debts is not a prohibited partial assignment for benefit of creditors, nor within the statute relating to and governing general assignments for benefit of creditors, but in effect is the creation of a collateral security in the form of an equitable lien on the subject matter, and is capable of equitable enforcement as such. 3 Pom Eq. Jurisprudence (4th Ed.) Sec. 1235.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.